IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03056-M-BT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Shedrick M.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 4). For the reasons explained below, the undersigned RECOMMENDS that the Court REVERSE the decision and REMAND the case to the Commissioner.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

**Background**

Plaintiff alleges that he is disabled due to depression, anxiety, chronic pain in his back and both knees, kidney issues, fatty liver disease, and obesity. *See* Pl.'s Br. 5-9 (ECF No. 21); Admin. R. 180 (ECF No. 19-1). He was born in 1961 and was 56 years old at his alleged disability onset. *See* Admin. R. 37, 40. Plaintiff has an associate's degree and has past work experience as an avionics technician. *Id.* at 42, 55.

On May 2, 2018, Plaintiff applied for a period of disability and disability insurance benefits (DIB). *Id.* at 153. In his application, Plaintiff alleged disability beginning July 30, 2017. *Id.* at 37. After the Commissioner denied Plaintiff's application initially, *id.* at 98, and upon reconsideration, *id.* at 109, an administrative law judge (ALJ) held a hearing to determine Plaintiff's disability status. *Id.* at 33. The hearing took place in Dallas, Texas, on August 29, 2019. *Id.*

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to DIB. *Id.* at 13. In her decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 31, 2017. Admin. R. 16. At steps two and three, the ALJ found that Plaintiff had the severe impairments of lumbar degenerative disc disease; bilateral knee degenerative joint disease; and obesity. *Id.* But the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 18. Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform the full range of light work as defined in the social security regulations. *Id.* At step four, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could perform his past relevant work as an avionics technician. *Id.* at 20-21.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 5-7. The Council denied review. *Id.* at 5. Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled. Specifically, Plaintiff argues that the ALJ failed to consider the medical opinion of his treating physician Dr. Kalima Charway. Pl.'s Br. 11.

**Legal Standard**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It

3

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and citation omitted))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff's only argument is that the ALJ failed to consider medical opinion evidence from his treating physician, Dr. Kalima Charway. Pl.'s Br. 11. The Commissioner contends that "the ALJ did not err by not considering Dr. Charway's evaluation and questionnaire, as they were prepared almost two years after the date last insured." Def.'s Resp. 6 (ECF No. 22).

The ALJ can reject any physician's opinion "when the evidence supports a contrary conclusion." *Qualls v. Astrue*, 339 F. App'x 461, 466 (5th Cir. 2009). But "fundamentally, the ALJ cannot reject a medical opinion without an explanation." *Kneeland*, 850 F.3d at 760 (citation and internal quotation marks omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018).

4

In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record." *Michelle K. M. v. Berryhill*, 2019 WL 1243355, at \*13 (N.D. Tex. Mar. 18, 2019) (Ramirez, J.). An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's] decision." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). Although there is not a "statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings," the relevant regulations do require the ALJ to articulate "how persuasive [he finds] all of the medical opinions" of record. *See Hammond*, 124 F. App'x 847, 851; 20 C.F.R. § 404.1520c(b).

Moreover, the ALJ may assign little or no weight to an "acceptable medical source" or to "a treating physician's opinion" only upon a showing of good cause. *Young v. Berryhill*, 689 Fed. App'x 819, 822 (5th Cir. 2017); *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005). At a minimum, an ALJ must "articulate in [her] determination or decision how persuasive [she] find[s] all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). While ALJs need not exhaustively explain their reasoning, they must "explain how [they] considered the supportability and consistency factors for . . . medical opinions . . . in [a claimant's] determination or decision." *Id.* § 404.1520c(b)(2). This requirement is obligatory for claims, like Plaintiff's, filed on or after March 27,

5

2017. *Id*. And, though the ALJ may resolve conflicts in the medical opinion evidence "rejecting a conflicting medical opinion nevertheless requires an explanation." *Kneeland*, 850 F.3d at 761 ("Although the [ALJ] is correct that when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony, . . . rejecting a conflicting medical opinion nevertheless requires an explanation." (citations and internal quotation marks omitted)).

In this case, it is apparent that the ALJ either rejected Dr. Charway's medical opinions, or else failed to consider them at all. Indeed, the ALJ fails to mention Dr. Charway's medical opinions, even though they are listed as evidence of record in the written opinion's appendix. *See* Admin. R. 26. As noted above, this is error, for the social security regulations require an ALJ to "articulate . . . how persuasive [she] find[s] all of the medical opinions . . . in [the claimant's] case record." 20 C.F.R. § 404.1520c. Moreover, the ALJ cannot reject any medical opinion of record "without an explanation." *Kneeland*, 850 F.3d at 761.

The Commissioner's only response is that the ALJ did not need to consider Dr. Charway's opinions because "they were prepared almost two years after the date last insured . . . [and so] it was reasonable for the ALJ to conclude that these opinions were not significant to the RFC determination." Def.'s Resp. 6. But § 404.1520c's command is not temporally limited—the ALJ must articulate "how persuasive" she finds "*all* of the medical opinions" in the case record. 20 C.F.R. § 404.1520c (emphasis added). Moreover, "even if the Court can intuit the ALJ's reasons for discrediting [Dr. Charway's opinions], it must remand the case so the

6

ALJ can make explicit that which is currently implicit in [her] findings." *Guy v. Comm'r of Soc. Sec.*, 2022 WL 1008039, at *4 (N.D. Tex. Mar. 14, 2022) (Ray, J.) (citing *Amie R. S. v. Saul*, 2020 WL 1279210, at *10 (N.D. Tex. Feb. 29, 2020) (Ramirez, J.), *rec. adopted*, 2020 WL 1277689 (N.D. Tex. Mar. 17, 2020)), *rec. adopted*, 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022). Accordingly, because Dr. Charway's opinions were in the case record, it was error for the ALJ not to articulate in her decision how persuasive she found them, much less for her to reject them without an explanation.

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected," Plaintiff must show he was prejudiced by the ALJ's failure to explain her consideration of Dr. Charway's opinions. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). In other words, Plaintiff must demonstrate that the ALJ's error was not harmless. "In the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015) (Ramirez, J.).

In this case, the Commissioner argues that the ALJ's failure to explain her consideration of Dr. Charway's medical opinions was harmless because "Dr. Charway's statements cannot overcome the ALJ's findings from the medical records during the relevant period." Def.'s Resp. 7. The Court disagrees that it is "inconceivable" that the ALJ would have reached a different conclusion had she

7

considered Dr. Charway's opinions. Dr. Charway opined that, during the relevant period, Plaintiff had suffered a substantial loss in his ability to effectively maintain attention and/or focus on a sustained basis on simple, repetitive work-related tasks; complete a normal workday and workweek with interruption from psychologically-based symptoms; perform at a reasonable pace; interact appropriately with supervisors, coworkers, and the general public; and cope with usual work stresses and changes in a routine work setting." Admin. R. 638-39. If the ALJ had considered this opinion, she may have included these limitations in her RFC determination.

Moreover, "[t]he ALJ's root error was failing to address—or even mention— Dr. [Charway's] opinion in [her] decision. It appears from [her] RFC determination that the ALJ either did not consider Dr. [Charway's] opinion, or considered it but assigned it no weight. If the former, remand is appropriate for consideration of Dr. [Charway's] opinion. If the latter, remand is appropriate for an explanation of the rejected medical opinion." *Kneeland*, 850 F.3d at 761. Ultimately, then, "[u]nless the ALJ explains why [she] rejected Dr. [Charway's] medical opinion[s], the Court can never determine whether [she] applied correct legal standards and reached a decision substantial evidence supports." *Guy*, 2022 WL 1008039, at *5. Accordingly, because the Court cannot meaningfully review the ALJ's decision without an explanation for her rejection of Dr. Charway's medical opinions, this case should be remanded for further proceedings after which the ALJ may provide this mandatory explanation.

8

## Recommendation

Because the court cannot determine whether substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should REVERSE the hearing decision and REMAND the case to the Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

**SIGNED ON** August 18, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).